28 C.C.P.A. (Patents)

## In re GEISLER et al.

### Patent Appeal No. 4503.

Court of Customs and Patent Appeals.
July 2, 1941.

E. D. Phinney, of New York City (R. P. Morris and Paul Kolisch, both of New York City, of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Judge.

Claims 8 and 13 of appellants' application for a patent relating to a light-sensitive device were allowed by the Primary Examiner of the United States Patent Office, while claims 1 to 7, inclusive, 9, 11 and 14 were rejected. The decision of the examiner rejecting said claims was affirmed by the Board of Appeals, and appellants have appealed here from the board's decision.

Claim 1 is illustrative of the claims at bar and follows:

"1. A light-sensitive electric device comprising a metallic base plate coated on one side with a layer of light-sensitive material relatively chemically inactive with respect to cadmium, and a light-permeable layer in contact with said light-sensitive material and consisting primarily of cadmium and a relatively chemically inactive metal of a specific conductivity higher than that of cadmium said last mentioned layer being a product of the type formed by the successive deposit of said cadmium and said relatively chemically inactive metal on said light sensitive material."

The references relied upon are: Brewer, 1,931,283, October 17, 1933; Falkenthal, 2,034,334, March 17, 1936.

The application is for the reissue of appellants' patent No. 2,096,170 of October 19, 1937, which relates to a photoelectric or light-sensitive selenium cell. The patent describes and claims a structure in which there is deposited upon a metallic base plate, first, a layer of selenium; second, a layer of cadmium; and third, a layer of chemically inactive metal such as gold.

Appellants' instant application claims that the said patent is inoperative for the reason that the specification is defective and insufficient, and that there was a failure to claim adequately the invention therein described. Applicants state that it was discovered, after the filing of the application and the acceptance of the patent that the beneficial effects of placing the coated metals upon the base metal plate were attained regardless of whether the two last metal coats were applied separately or simultaneously. The object of the present application is to claim broadly enough to cover the same ingredients whether put upon the base plate in two or three coats.

The appealed claims were rejected upon the ground of insufficient disclosure, and some of them were rejected for the reason that they broadly call for a product "of the type" formed by the process of the patent and thus were broader than the invention. Pick et al. v. Coe, 69 App.D.C. 216, 99 F.2d 985, was cited as supporting authority. Other grounds of rejection were placed against some of the claims, such as vagueness, but it is unnecessary for us to consider any of the grounds except the inadequacy of the disclosure in the patent application.

The examiner in his original statement said:

"The claims under rejection are considered to be drawn to a different invention from those in the original patent. The discovery that a cell of good rectifying qualities and good conductivity could be accomplished by means of a single coating layer is considered to amount to invention over one requiring successive depositions. It is not seen how one could take Geisler's disclosure and say that the same result would be secured by a single layer containing the two metals. While claims of the type of claims 11 and 14 might be allowed in a new application, they cannot be allowed in a reissue case as they represent a new discovery not disclosed in the original patent; namely, that, while gold forms a combination which is deleterious when laid directly on the selenium, yet a mixture or alloy of gold and cadmium forms a cell which is comparable in result to the multiple layer cell produced by applicants' original method, yet has the advantages of cheapness and speed of production over such multiple layer cell. What applicants have invented is a process of producing a good cell by successively depositing layers of cadmium and an inactive metal, and the true nature of the article (the coating being of molecular thickness) is evidently a matter of mere conjecture. Nelson v. Felsing, 1909 C.D. 358.

"To allow claims of the type now presented is to allow applicants to carry back their date of invention to the filing date of their original patent when their actual date as admitted in the reissue oath (page 3) was subsequent to the date of issuance of their patent. It is not considered that they should thus prevail over anyone making an affirmative showing of the workability of a single-layer coating, merely by claiming the product in vague terms which might read on a cell produced by either process (claims

1–7), or by claiming structure not originally contemplated by nor necessarily resulting from the disclosed process (claims 9, 11 and 14)."

The Board of Appeals said in part:

"The examiner points out that claims 1 to 7 are worded in a manner that renders them apparently broader than the invention. It is found that claims 1 to 7 do not set forth a definite structure like that defined in the claims of the patent where the gold would overly the cadmium but are defined in terms as the result of a process and worded as 'of the type' formed by the successive deposit on the light-sensitive material, that is, on the selenium of cadmium and gold. The examiner holds this manner of describing the cell as being inclusive of matter not contemplated and broader than the invention. Pick et al. v. Coe, Commissioner of Patents, 494 O.G. 718, 1938 C.D. 53, [69 App.D.C. 216], 99 F.2d 985.

"On consideration of the situation, we are in full agreement with the examiner. This rule is even more strongly applicable in case of claims presented by reissue rather than directly in an original application because of possibility of intervening rights.

"Further, within the scope of the present claims it is possible to produce a structure not at all contemplated or disclosed in the original case and, in effect, a different type of photosensitive cell. As the examiner points out, it is urged in the record of the original application that the super-position of two light-permeable layers in the order named is critical in order to produce the desired characteristics."

\*     \*     \*     \*     \*     \*

"The situation presented here is not regarded as one where claims somewhat broader than the claims of the patent but yet directed to the same subject are presented but rather one in which the present claims are of such form and worded as to be much broader than the original disclosure and to indefinitely possibly include structures entirely different from that of the patent claims."

 We have examined the affidavit submitted as did the tribunals below and we see nothing which changes the situation. In other words, nothing that appellants might now say in an affidavit takes the place of a disclosure in the application for the patent. Appellants admit that they, at the time their patent issued, did not know that one coat containing the two materials could do the same work as two separate coats. They were granted a patent on the theory that it required three coats, and now it obviously would be improper, as against possible interfering rights, to allow claims which would cover two coats when there was no teaching in the original application to that effect. We are not here concerned with the doctrine of equivalents. In view of our conclusion it is not necessary to consider the cited references.

The decision of the Board of Appeals is affirmed.

Affirmed.